IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMWEST SURETY INSURANCE | ) | |
| COMPANY, in Liquidation, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STATE OF NEBRASKA, ex.rel. | ) | |
| L. TIM WAGNER, DIRECTOR OF | ) | |
| INSURANCE OF THE STATE | ) | |
| OF NEBRASKA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3041 |
| | ) | |
| | ) | |
| v. | ) | REPORT, RECOMMENDATION |
| | ) | AND ORDER |
| | ) | |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA, | ) | |
| UNITED NATIONAL INSURANCE | ) | |
| COMPANY, GENERAL AGENTS | ) | |
| INSURANCE COMPANY OF AMERICA, | ) | |
| STEVEN R. KAY, GUY A. MAIN, | ) | |
| ARTHUR F. MELTON, DOUGLAS J. | ) | |
| PATERSON, CHARLES L. SCHULTZ, | ) | |
| JEFFREY A. SHONKA, MARY | ) | |
| SCHEINER, JOHN E. SAVAGE, and | ) | |
| MYRNA A. SAVAGE and JOHN E. | ) | |
| SAVAGE, as co-personal | ) | |
| representatives of the | ) | |
| ESTATE OF RICHARD H. SAVAGE | ) | |
| | ) | |
| Defendants. | ) | |

The above-referenced action was originally filed in the District Court of Lancaster County, Nebraska and was removed to this court by defendant, General Agents Insurance Company of America, ("GAINSCO"), pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a)(1).  See filing 1, Notice of Removal, ¶¶ 17-18.

The plaintiff, L. Tim Wagner, Director of Insurance of the State of Nebraska, in his statutory capacity as the liquidator of Amwest Surety Insurance Company ("Amwest"), seeks a declaratory judgment against National Union Fire Insurance Company ("National Union"), United National Insurance Company ("United National"), and GAINSCO, (collectively referred to as the "insurance company defendants"), requiring these insurers to provide policy coverage for Amwest losses caused by the wrongful acts of the individually named director and officer defendants ("D&O defendants"); those being, decedent Richard H. Savage, (sued by and through his co-personal representatives, John E. Savage and Myrna A. Savage), Steven R. Kay, Guy A. Main, Arthur F. Melton, Douglas J. Paterson, Charles L. Schultz, Jeffrey A. Shonka, Mary Scheiner, and John E. Savage (individually).  Filing 1, Ex. A (State Court Complaint), ¶¶ 15-23.  The D&O defendants were named as defendants because this action will determine, in part, their rights as insureds under D&O policies issued by the insurance company defendants.  Filing 1, Ex. A (State Court Complaint), ¶ 2.

GAINSCO's removal notice states that all of the insurance company defendants consent to removal.  Filing 1, ¶ 19.  The D&O defendants each filed a waiver of service no later than May 11, 2006.  See filings 29, 30, 35-41, and 43.  There is no allegation or filing indicating that any of the D&O defendants consent to removal.[1]

GAINSCO alleges, however, that the parties must be realigned, with the D&O defendants identified as plaintiffs

---

[1]An answer was filed by defendant Myrna Scheiner.  The answer does not state whether Ms. Scheiner objects or consents to removal.  Filing 44.

rather than defendants.  GAINSCO claims that realignment will not destroy diversity jurisdiction:  The liquidator and the D&O defendants are citizens of California, Nebraska, Washington, and Hawaii, and the insurance company defendants are citizens of Pennsylvania, New York, Oklahoma, and Texas.  Filing 1, Ex. A (State Court Complaint), ¶¶ 12-14.  GAINSCO further alleges that once the D&O defendants are properly re-aligned as plaintiffs, all remaining defendants have consented to removal.

   The liquidator timely moved for remand.  Filing 24.  The liquidator opposes the motion to realign the parties, specifically noting that absent such realignment, the defendants did not unanimously consent to removal.  He further argues that this court lacks subject matter jurisdiction because the federal removal statutes are reverse-preempted by the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq. and Neb. Rev. Stat.§ 44-4804(5).  Alternatively, the liquidator moves the court to abstain in accordance with Burford v. Sun Oil Co., 319 U.S. 315 (1943) and Louisiana Power & Light Co. v . City of Thibodaux, 360 U.S. 25 (1959).

   There are actually two motions pending before me:  (1) the liquidator's motion for remand, and 2) GAINSCO's request for realignment of the parties as set forth in its notice of removal, (filing 1 (Removal Notice), ¶¶ 12-17).  Although GAINSCO has not formally filed a motion for realignment, its notice of removal claims the parties must be realigned.  This statement must be interpreted as a motion to realign because once a lawsuit is filed, the parties cannot realign themselves.  Any realignment is a matter for the court to decide.  Green Tree Financial Corp. v. Arndt, 72 F.Supp.2d 1278, 1282 & n. 1 (D.Kan. 1999).

FACTUAL FINDINGS

The factual record on the parties' motions consists of the allegations of the liquidator's complaint filed in the District Court of Lancaster County, Nebraska, GAINSCO's notice of removal, and the evidence filed by the parties.  The following summarizes that evidence.

Amwest became insolvent on or before June 30, 2000.  Filing 1, Ex. A (State Court Complaint), ¶ 7.  The District Court of Lancaster County, Nebraska placed Amwest into liquidation on June 7, 2001.  The liquidator was appointed to administer that liquidation in accordance with the Nebraska Insurers Supervision, Rehabilitation and Liquidation Act, Neb. Rev. Stat. § 44-4801 et. seq, and procedures were adopted governing recovery actions.  Under those procedures, actions to collect debts and money on behalf of Amwest must be filed as separate lawsuits.  Filing 1, Ex. A (State Court Complaint), ¶¶ 8-9; filing 25, Ex. A (Nefsky affidavit), tab 4 (Order Approving Procedures Governing Recovery Actions) & tab 5 (Order of Liquidation).

Prior to insolvency, Amwest was a Nebraska corporation with headquarters located in California, was authorized as an acceptable surety for federal bonds, and was licenced to write surety and fidelity insurance throughout the United States, automobile liability and physical damage insurance in California, and full-line casualty insurance in New York.  Filing 1, Ex. A (State Court Complaint), ¶¶ 5, 7.

Amwest allegedly became insolvent because the D&O defendants breached their fiduciary obligations to Amwest by failing to follow expert recommendations to sell or merge Amwest during 1999

4

or 2000; permitting the financial condition of Amwest to deteriorate; misrepresenting Amwest's financial condition; inflating the appearance of its financial condition through the use of reinsurance agreements; causing Amwest to engage in risky investment practices; permitting or instituting material alterations to the reinsurance practices and policies of Amwest; causing Amwest to solicit business and accept advance payments from its subsidiary, Far West Insurance Company, when it knew Amwest was nearly insolvent; merging Far West with Condor Insurance Company when the D&O defendants knew Condor was nearly insolvent; and failing to hire or retain qualified management and employees for Amwest.  Filing 1, Ex. A (State Court Complaint), ¶ 52.

These alleged breach of fiduciary duties are the basis of a separate damage claim filed by the liquidator against the D&O defendants in state court.  Filing 25, Ex. A (Nefsky affidavit), tab 3 (First Amended Complaint--Case No. CI 03-2072).  The liquidator has received 8485 Proofs of Claim regarding the Amwest liquidation, alleges the actions or inactions of the D&O Defendants resulted in losses exceeding forty-nine million dollars, and alleges these "wrongful acts" were performed to advance the personal interests of the D&O Defendants at the expense and to the detriment of Amwest and its shareholders, bondholders, insureds, and creditors.  Filing 1, Ex. A (State Court Complaint), ¶¶ 50, 56; filing 25, Ex. A (Nefsky affidavit), tab 1 (FitzGibbons affidavit).

The National Union, United National, and GAINSCO policies at issue allegedly provide coverage for these "wrongful acts" by the D&O defendants, but despite the liquidator's demands, United National and GAINSCO have denied coverage, and National Union is

defending the D&O Defendants under a reservation of rights. United National and GAINSCO have denied coverage because the "wrongful acts" occurred before the inception date of the policy, and because coverage is excluded pursuant to a "Regulatory Endorsement" in the policy.  Filing 1, Ex. A (State Court Complaint), ¶¶ 3-4, 57-63, 65-68; filing 34, Ex. 9 (Hegge Affidavit), exs. 7, 8 (Letters).  The liquidator seeks an order declaring that the insurance company defendants lack any basis for denying or withholding coverage, and that the Regulatory Endorsement in the United National and GAINSCO policies is void as against public policy.  Filing 1, Ex. A (State Court Complaint), ¶¶ 69-70, 80, 85.

## LEGAL ANALYSIS

1.   Request for Realignment.

The defendants' request for realignment and the liquidator's motion for remand are interrelated, but the request for realignment raises a threshold issue.  The undisputed record reveals that as the parties are currently aligned, the defendants have not unanimously consented to removal.  Under the rule of unanimity, where there are multiple defendants, all must consent to removal within thirty days of being served. Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002)(citing Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 754 & n. 2 (8th Cir. 2001).  However, nominal defendants need not join in the removal. Thorn, 305 F.3d at 833 (citing Pecherski v. General Motors Corp., 636 F.2d 1156, 1161 (8th Cir. 1981).  Moreover, the "[r]ule of unanimity is a waivable defect and is not jurisdictional." Nolan v. Prime Tanning Co., Inc., 871 F.2d 76, 78 (8th Cir. 1989).

The liquidator has not waived the requirement of unanimous consent to removal, (see filing 26 (Plaintiff's Brief--Remand), p. 2, 32),[2] and the D&O defendants are not nominal parties.  In this lawsuit, the liquidator seeks an order declaring that the insurance company defendants must cover the substantial monetary losses allegedly caused by the D&O defendants' wrongful acts as officers and/or directors of Amwest.  The liquidator has filed a separate pending state court action against the D&O defendants for recovery of such losses.  As previously stated, National Union is defending the D&O defendants, but under a reservation of rights;  GAINSCO and United National have denied coverage altogether.  As such, the D&O defendants have a real and substantial interest in the outcome of any action to determine whether they have insurance coverage under policies issued by the insurance company defendants.  They are not "nominal" parties for the purpose of determining jurisdiction.  Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977).

Since the insurance company defendants have all consented to removal, if the D&O defendants are realigned as plaintiffs, unanimous consent of the defendants exists and the removal is not procedurally defective.  If a defendant is realigned as a plaintiff, that defendant need not consent to removal.  The court will evaluate the removal procedure based on the positions of the parties after the realignment.  In re Removal Cases, 100 U.S. 457, 469 (1879)("[T]he mere form of the pleadings may be put aside, and the parties placed on different sides of the matter in

---

[2]The liquidator's brief objects to realignment and notes that insurance company defendants have likely requested realignment because they believed the D&O defendants would not consent to removal.  The liquidator's brief was filed on March 29, 2006.  See filing 26.  No return of service was on file for any D&O defendant at that time.

dispute according to the facts.  This being done, when all those on one side desire removal, it may be had."); <u>Gressette v. Sunset Grille, Inc</u>., 2006 WL 1726889, *4 (D.S.C. June 22, 2006)("[B]ecause the court has realigned Defendant Sunset as a Plaintiff for purposes of diversity jurisdiction, Sunset's lack of consent for removal is of no moment."); <u>Ohio Cas. Ins. Co. v. RLI Ins. Co.</u>, 2005 WL 2574150, *4 (M.D.N.C. 2005)("If a defendant is disregarded or is realigned for jurisdictional purposes, that defendant need not consent to removal, and the Court will evaluate jurisdiction based on the positions of the parties after the realignment."); <u>Liebau v. Columbia Cas. Co.</u>, 176 F. Supp. 2d 1236, 1243 (D. Kan. 2001)("[W]here the defendants contesting removal are realigned as plaintiffs, the situation is analogous to one involving a nominal defendants.  The court thus finds that consent of the class defendants is unnecessary for a valid removal."); <u>Sersted v. Midland-Ross Corp</u>., 471 F.Supp. 298, 299 (D.C.Wis. 1979) ("[M]isaligned parties may be realigned and thus need not join in the removal petition.").

However, if the D&O defendants are not realigned as plaintiffs, they remain defendants, and the defendants have not unanimously consented to removal.  Under such circumstances, the removal filed by GAINSCO is procedurally defective, and remand is appropriate.  <u>Thorn,</u> 305 F.3d at 833.

The question of whether parties must be realigned generally arises in the context of determining if the court has diversity jurisdiction.  As the Court explained in <u>City of Indianapolis v. Chase Nat. Bank of City of New York</u>, 314 U.S. 63, 69-70 (1941):

> To sustain diversity jurisdiction there must exist an actual, substantial, controversy between citizens of different states, all of whom on one side of the

> controversy are citizens of different states from all parties on the other side.  Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants.  It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute.  Litigation is the pursuit of practical ends, not a game of chess.  Whether the necessary collision of interest exists is therefore not to be determined by mechanical rules.  It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute.  These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court.

City of Indianapolis, 314 U.S. at 69-70 (internal citations and quotation marks omitted).

The circuits have not uniformly applied the holding in City of Indianapolis.  The Third, Fourth, Fifth, Sixth, and Ninth Circuits apply the "principal purpose" test (also known as the "primary issue" test) to determine if the parties should be realigned.  See Employers Ins. of Wausau v. Crown Cork & Seal Co., 942 F.2d 862, 866 (3d Cir. 1991); United States Fidelity & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995); Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir. 1984); United States Fidelity & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992); Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 n. 2 (9th Cir. 1987).  Application of the principal purpose test requires two steps.  The court must first determine the primary issue in dispute.  Then the court aligns the parties according to their positions with respect to that primary issue.  A & S Mfg. Co., 48 F.3d at 134.  Courts applying the principal purpose test ignore all "actual and substantial ancillary or secondary issues"

between the named parties in determining the proper alignment, regardless of how significant those issues may be.  Thomas Solvent Co., 955 F.2d at 1089.  For example, if the principal purpose test were applied to this action, the primary issue would likely be whether coverage was available under the insurance policies at issue, and since the liquidator and the D&O defendants are all pursuing a finding of coverage, the D&O defendants would be realigned as plaintiffs.

However, the Eighth Circuit, along with the Second, Seventh, and Tenth Circuits, apply the "actual and substantial conflict" test (also known as the "collision of interests" test) to determine if parties must be realigned.  Universal Underwriters Ins. Co. v. Wagner, 367 F.2d 866, 870-71 (8th Cir. 1966).  see also Maryland Cas. Co. v. W.R. Grace & Co., 23 F.3d 617, 622-23 (2d Cir. 1993); American Motorists Ins. Co. v. Trane Co., 657 F.2d 146, 151 (7th Cir. 1981); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1387 (10th Cir. 1978).  Under the actual and substantial conflict test, all potential conflicts between the named parties are considered.  "[T]he proper course is not to try out the issues presented by the charges[,] but to determine the issue of antagonism on the face of the pleadings and by the nature of the controversy."  Wagner, 367 F.2d at 871 (quoting Smith v. Sperling, 354 U.S. 91,  96 (1957)).  The controversy may in some cases concern an issue other than the "primary" issue in dispute.

> [T]he collision of interests approach is consistent with the Supreme Court's chief concern in Indianapolis that parties not manipulate alignment to manufacture diversity jurisdiction.  That Court directs us to examine "the realities of the record" to discover the "real interests" of the parties.  Indianapolis, 314 U.S. at 69, 62 S.Ct. at 16.  And, realignment is, of course, a fact-specific inquiry.  The broader test we

>embrace does just this in its practical examination of the entire record, while the primary purpose test ignores "actual and substantial ancillary or secondary issues to the primary issue." Thomas Solvent, 955 F.2d at 1089.

W.R. Grace and Co., 23 F.3d at 623. Courts applying the "actual and substantial conflict" test do not distinguish between primary and secondary issues when determining whether a controversy exists between the plaintiff and defendants, and thus whether realignment is appropriate. Trane, 657 F.2d at 151.

The insurance company defendants acknowledge that under Eighth Circuit law, any actual or substantial conflict between the liquidator and the D&O defendants would justify the current alignment of the parties. Filing 33 (Defendants' Brief), p. 56. They argue, however, that the "controversy" between the liquidator and the D&O defendants concerning recovery of Amwest losses which is currently the subject of litigation in the District Court of Lancaster County, Nebraska is not a "controversy" for the purposes of determining the alignment of the parties in this litigation. The insurance company defendants argue:

>Where Plaintiff completely goes astray, however, is in his argument that the Court should examine whether a controversy exists between the parties both in the case in which realignment is urged, and in any other cases between some of the same parties. This is clearly not the law, and none of the cases cited by Plaintiff support his position.

Filing 33 (Defendants' Brief), pp. 56-57 (emphasis in original). The insurance company defendants claim:

>The analysis is quite simple: On which side of the coverage question would the D&O Defendants wish to be aligned? Would they want insurance to cover their

11

> alleged conduct and their defense costs or would they prefer not to have that protection and risk being exposed to potential liability in the Underlying [state court] Action?

Filing 33 (Defendants' Brief), p. 57.

I disagree with the argumentS advanced by the insurance company defendants. First, the question is not whether the D&O defendants hope the liquidator prevails on his declaratory action against the insurers. That question may be relevant in a jurisdiction applying the principal purpose test, but it is not relevant under Eighth Circuit law. In assessing the proper alignment of parties, the court must determine whether an actual good faith controversy exists between the plaintiff and a named defendant, not whether that defendant actually wants (and is perhaps even willing to help) the plaintiff to win. Dilatush v. Highfill, 140 F.2d 741, 744 (8th Cir. 1944). The court must focus on the areas of conflict, not the areas of commonality. The fact that one defendant may benefit should plaintiff prevail against another defendant is not in and of itself a sufficient basis for realignment. Irving Trust Co. v. Century Export & Import, S.A., 464 F.Supp. 1232, 1241 (S.D.N.Y. 1979).

Second, although I agree that the existence of any controversy which is the subject of another lawsuit between the parties cannot always be considered a controversy sufficient to impede realignment, the existence of a separate lawsuit related to the action pending in this forum may well be an actual and substantial controversy between the plaintiff and a named defendant such that realigning that defendant as a plaintiff is improper. For example, if the pending state court litigation between the liquidator and the D&O defendants arose from a car accident allegedly caused by the liquidator and injuring the D&O

12

defendants, that "controversy" would be neither a primary nor a substantial ancillary issue related to the D&O coverage dispute filed against the D&O and insurance company defendants.

However, in this case, the lawsuit pending between the liquidator and the D&O defendants in state court is substantially related to the action for declaratory relief now pending in this forum--they are parallel and related cases.  That relationship is evidenced by the fact that had the parties been so inclined, these two separate lawsuits could have been pursued as one in this forum; the liquidator could have sued the D&O defendants for damages, and the D&O defendants, as third party plaintiffs, could have sued the insurance company defendants to obtain declaratory relief and coverage under the policy for any amounts adjudged to be owed to the liquidator.  See Fed.R.Civ.P 14; Southern Farm Bureau Cas. Ins. Co. v. U.S., 395 F.2d 176, 179 (8th Cir. 1968).  Under such circumstances, the controversy between the D&O defendants and the liquidator would be readily apparent from the face of the federal court pleadings.

That controversy does not disappear merely because two separate lawsuits have been filed--irrespective of whether both or only one of the lawsuits is filed in this court.  City of Indianapolis makes it clear that the purpose of requiring the court to appropriately realign parties is to assure that the pleadings cannot be manipulated in a manner that erroneously masks the existence or nonexistence of diversity jurisdiction.  City of Indianapolis, 314 U.S. at 69.  In other words, the mechanical form of the pleadings cannot be used to circumvent a substantive inquiry into the jurisdictional question.  Likewise, the fact that the liquidator initiated two separate but related lawsuits against the D&O defendants should not determine whether a controversy exists between these parties.  The filing of a

separate lawsuit does not mean the controversy between the D&O defendants and the liquidator at issue in the state court action is nonexistent, insubstantial, or unrelated to the primary case before this court. A contrary rule would erroneously allow the form and not the substance of the liquidator's pleadings to determine whether the parties must be realigned.

"Whether the necessary collision of interest exists is . . . not to be determined by mechanical rules." City of Indianapolis, 314 U.S. at 69. The principal purpose of the liquidator's lawsuits is to obtain a judgment against the D&O defendants, and to collect on that judgment from the insurance company defendants. The D&O defendants seek to avoid any entry of judgment in favor of the liquidator, which in turn would render the substantive coverage issues against the insurance company defendants moot. Based on a practical and realistic examination of the parties' pending litigation, a bona fide controversy exists between the liquidator and the D&O defendants that is actually and substantially related to the litigation filed in this forum. The insurance company defendants' request to realign the D&O defendants as plaintiffs must be denied.[3]

2. <u>Motion for Remand</u>.

Since the D&O defendants remain aligned as defendants and have not consented to removal, the removal filed by GAINSCO is procedurally defective. The defendants have not unanimously consented to removal. The case should be remanded.

---

[3] The issue of realignment in this case is procedural only. Realignment will not affect the existence of subject matter jurisdiction; the realignment will neither bestow nor negate diversity jurisdiction. The proposed realignment addresses whether the procedural requirements of the unanimity rule for removal notices have been met.

14

IT THEREFORE HEREBY IS ORDERED: The request filed by defendants National Union Fire Insurance Company, United National Insurance Company, and General Agents Insurance Company of America to realign defendants Richard H. Savage, (sued by and through his co-personal representatives, John E. Savage and Myrna A. Savage), Steven R. Kay, Guy A. Main, Arthur F. Melton, Douglas J. Paterson, Charles L. Schultz, Jeffrey A. Shonka, Mary Scheiner, and John E. Savage as plaintiffs is denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b) that the plaintiff's motion for remand, filing 24, be granted.

The parties are notified that a failure to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

DATED this 24th day of August, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

15